UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Ashley White | CIVIL ACTION NO: |
| Plaintiff, | |
| v. | |
| Yogesh Patel | |
| Defendant. | March 7, 2012 |

**COMPLAINT**

I.   **INTRODUCTION**

1. This is an action brought by the plaintiff, Ashley White, a former employee of the defendant, Yogesh Patel, arising from the defendant's failure to pay the plaintiff wages for his work, and from the defendant's retaliatory action against the plaintiff when he requested payment of said wages. The plaintiff alleges violations of the overtime wage provisions of the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the overtime and wage payment provisions of Connecticut law, Conn.Gen.Stat. §31-58 *et seq*. As to these claims the plaintiff seeks double his unpaid wages pursuant to the FLSA and double his unpaid wages pursuant to Connecticut law. The plaintiff also alleges a claim pursuant to the Fair Labor Standards Act, 29 U.S.C. §215(a)(3), because of the defendants' discrimination against the plaintiff, including by serving a notice of eviction against him after the plaintiff exercised his right to seek payment of wages owed. As to this claim the plaintiff seeks compensatory damages, including pain, suffering and emotional distress. As to all claims the plaintiff seeks an award of his reasonable attorney's fees and costs.

II.   **JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case

or controversy under Article III of the United States Constitution.

    3.    Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III.    THE PARTIES

    4.    The plaintiff is Ashley White, who resides at 105 Cedar Street, New Haven, Connecticut. At all times relevant to this Complaint the plaintiff was an employee of the defendant as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

    5.    At all times relevant to this Complaint, the plaintiff was an employee engaged in commerce, and/or was an employee in an enterprise engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

    6.    Defendant Yogesh Patel is the owner and operator of several liquor stores in the New Haven County area, including Rosette Wine and Liquor , located at 192 Rosette Street, New Haven, Connecticut, and Dixwell Liquor located at 304 Dixwell Avenue, New Haven, Connecticut.

    7.    At all times relevant to the Complaint, defendant Patel made all relevant decisions regarding the plaintiff's wages and working conditions.

    8.    At all times relevant to the Complaint, the defendant was an employer as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

## IV.     STATEMENT OF FACTS

9. The plaintiff was employed by the defendant as a retail worker at Rosette Wine and Liquor and then at Dixwell Liquor from on or about March 26, 2000, until on or about November 20, 2011.

10. The defendant did not maintain an accurate record of the hours worked by the plaintiff.

11. During his employment, the plaintiff regularly worked between 60 hours a week (at Rosette Wine and Liquor) and 72 hours a week (at Dixwell Liquor).

12. During his employment, the defendant paid the plaintiff the sum of $2,000 per month, irrespective of the number of hours that he worked.

13. The defendant did not pay the plaintiff at all for the last seven weeks of his employment.

14. The defendant did not pay the plaintiff at the rate of one and one-half times his regular hourly rate for hours worked in excess of forty hours in each one week period.

15. At times during his employment, the plaintiff was paid at an hourly rate that was less than the federal minimum wage.

16. At times during his employment, the plaintiff was paid at an hourly rate that was less than the Connecticut minimum wage.

17. The defendant did not post in either of the liquor stores any notices or posters informing employees of their right to be paid the federal minimum wage and/or their right under federal law to be paid one and one-half times their regular hourly rate for hours worked in excess of forty hours in a one week period.

18. The defendant did not post in either of the liquor stores any notices or posters informing employees of their right to be paid the Connecticut minimum wage and/or their right under Connecticut law to be paid one and one-half times their regular hourly rate for hours worked in excess of forty hours in a one week period.

19. After the plaintiff's termination in November 2012, the plaintiff asked the defendant to pay him the wages he was owed for the final seven weeks of his employment, and the defendant refused to do so.

20. The plaintiff also resides in an apartment owned by the defendant. Although the defendant did not pay the plaintiff for seven weeks of wages, and the defendant was aware of the economic hardship that this caused the plaintiff, he still demanded that the plaintiff pay rent for that period. After the plaintiff again requested that he be paid what he was owed, the defendant served him with a notice to quit the apartment.

21. On or about January 20, 2012, the plaintiff, through his legal counsel, sent a letter to the defendant again requesting that he be paid the wages he was owed. The letter specifically cautioned the defendant that, since he was also the plaintiff's landlord, he should refrain from retaliating against the plaintiff in any fashion for asserting his legal right to claim wages owed to him. The letter also requested that the defendant communicate with the plaintiff through his legal counsel by or before February 3, 2012, in order to arrange payment of the wages owed.

22. The defendant did not pay the wages owed, nor did he communicate in any fashion with the plaintiff or the plaintiff's attorney.

23. Shortly after February 3, 2012, the defendant caused to be served on the

plaintiff a notice of eviction.

24. The defendant's purpose in serving the notice of eviction was to punish the plaintiff for asserting his rights under the Fair Labor Standards Act and Connecticut law.

## V.  COUNT ONE: FLSA AND CONNECTICUT OVERTIME VIOLATIONS

1. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 24, above.

25. The defendant did not pay the plaintiff at the rate of one and one-half times his regular hourly rate for hours worked in excess of forty hours in a week, in violation of the federal Fair Labor Standards Act, 29 U.S.C. §207 and Connecticut overtime laws, including Conn.Gen.Stat. §31-68 and §31-76b through 31-76c.

26. The defendant's failure to pay overtime wages as required by federal law was willful, inasmuch as the defendant was aware or reasonably should have been aware of his obligation to pay the plaintiff consistent with the federal overtime laws and did not do so.

27. The defendant's failure to pay overtime wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendant was aware or reasonably should have been aware of his obligation to pay the plaintiff consistent with the Connecticut overtime laws and refused to do so.

## VI.  COUNT TWO: FLSA MINIMUM WAGE VIOLATIONS

1. The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 27, above.

28. The plaintiff was not compensated by the defendant for his work by being paid at least the federal mandatory minimum wage for each hour of work performed.

29. As a result of the defendant's unlawful conduct, the plaintiff suffered a loss of wages that are owed to him.

30. The defendant's failure to pay the minimum wage for work performed was in willful violation of the plaintiffs' rights pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

## VII. COUNT THREE: CONNECTICUT MINIMUM WAGE VIOLATIONS

1. The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 30, above.

31. The plaintiff was not compensated by the defendant for his work by being paid at least the Connecticut mandatory minimum wage for each hour of work performed.

32. As a result of the defendant's unlawful conduct, the plaintiff suffered a loss of wages that are owed to him.

33. The defendant's failure to pay the Connecticut minimum wage for work performed was willful, arbitrary, and/or in bad faith, inasmuch as the defendant was aware or reasonably should have been aware of his obligation to pay the plaintiff consistent with the Connecticut overtime laws and refused to do so.

## VIII. COUNT FOUR: CONN.GEN.STAT. §31-72 CLAIM FOR UNPAID WAGES

1. The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 33, above.

34. The defendant failed to pay the plaintiff all of the wages that were owed as required by Conn.Gen.Stat. §31-71b through 31-71e.

35. The plaintiff brings this action pursuant to Conn.Gen.Stat. §31-72, seeking

payment of the wages that he is owed.

36.    The defendant's failure to pay wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff and refused to do so.

## IX.    COUNT FIVE: FLSA 29 U.S.C. §215(a)(3) RETALIATION

1.    The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 36, above.

37.    Plaintiff engaged in statutorily protected conduct under the FLSA by filing a complaint with the Connecticut Department of Labor.

38.    The defendants' threats as described above were intended to intimidate and deter plaintiff from asserting his legal right to be paid according to the law.

39.    The defendants' threats constituted unlawful discrimination against the plaintiff in violation of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3).

40.    Plaintiff brings this claim pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b) which states that "[a]ny employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief that may be appropriate to effectuate the purposes of section 15(a)(3)."

41.    Plaintiff seeks as damages on this claim compensation for his pain, suffering and emotional distress as a result of the defendants' threatening and harassing conduct toward him.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff respectfully requests that this Court:

1. Enjoin the defendant from taking any further action to discriminate, retaliate, threaten or harass the plaintiff because he has exercised his rights under the Fair Labor Standards Act;

2. Order the defendant to pay to the plaintiff all wages owed, consistent with the Fair Labor Standards Act and Connecticut overtime, minimum wage, and wage payment laws;

3. Award the plaintiff liquidated or double damages for all wages owed pursuant to 29 U.S.C. §216(b);

4. Award the plaintiff double damages for all wages owed pursuant to Conn.Gen.Stat. §31-72;

5. Award the plaintiff his reasonable attorney's fees and costs;

6. Award the plaintiff compensatory damages, including any damages for pain, suffering and emotional distress on account of the defendant's unlawful discrimination; and

7. Award the plaintiff such other legal and equitable relief that the Court deems appropriate.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF

_____ / s / _____
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-471-8133
pdgoselin@gmail.com